UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES OF AMERICA**

v. 495CR010

**MICHAEL WOODARD**

## ORDER

This Court denied defendant Michael Woodard's motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2). Doc. # 716.[1] He now appeals, doc. # 715, moves for reconsideration, doc. # 718, and for leave to appeal *in forma pauperis* (IFP). Doc. # 719.

With respect to his IFP motion, defendant is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds*, *Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). That means Woodard, a pauper, must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

In its Order denying defendant's § 3582(c)(2) motion, the Court denied

> the defendant's motion because the Court notes the defendant's present sentence of 253 months is below the bottom end of the amended guideline range. The Court has already granted two reductions for the defendant and his offense conduct reflects that the Court must protect society and not grant any further reductions.

Doc. # 716 at 1.

Woodard raises no points of appeal in his IFP motion, but in his presentation of his appellate issues before the Eleventh Circuit, filed here (and construed by the Clerk of this court as a reconsideration motion), he contends that, yes, this Court has already granted two reduction for the defendant, and has stated that his offense conduct reflects that the Court must protect society and not grant any further reduction. Doc. # 718 at 2. But, he contends,

> [i]t's not the bottom end of the guideline range that matters, [but] the mandatory minimum that the Sentencing Commission pointed out. The government has already agreed the defendant has no bad conduct that would keep him from receiving the reduction. Therefore the Court abused it's discretion and the defendant should be granted the two points.

*Id.* Woodard is correct that the Government has agreed with him. It pointed out that the

---

[1] On 7/21/95, the Court sentenced Woodard to 265 months upon his guilty-plea conviction on one count of violating 21 U.S.C. §§ 846 and 841(a)(1). Doc. # 328. Because of his cooperation after sentencing, "the Government filed a Rule 35 Motion, which was granted by the Court on April 9, 1998. Defendant's sentence was further reduced to 253 months." Doc. # 708 at 1.

Effective 11/1/07, however, the U.S. Sentencing Commission reduced offense levels in crack cocaine cases by 2 levels. *See* United States Sentencing Commission Guidelines Manual, Supplement to Appendix C 226-31 (2007) (Amendment 706). Effective 3/3/08, the Commission made the changes retroactive, United States Sentencing Commission, Supplement to the 2007 Guidelines Manual 1-4 (Mar. 3, 2008) (U.S.S.G. § 1B1.10(c)), thus permitting defendants to rely on the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2). *See U.S. v. Smith*, 2008 WL 2148075 at * 1 (E.D.Wis. 5/21/08) (unpublished). Woodard is now invoking that remedy to reduce his sentence.

Court initially sentenced the Defendant below the applicable guideline range based on his pre-sentence assistance to the Government in the prosecution of others, and further reduced his sentence based on his post-sentence assistance to the Government in the prosecution of others. The total of those two reductions represented a 29.7% reduction from the low end of the guideline range as originally calculated. Were the Court to consider a proportional reduction from the presently calculated guideline low-end of 292 months, the result would be a reduction of approximately 87 months, for a sentence of 205 months.

*Id.* at 3; *see also id.* at 3-4 ("the Government respectfully states that the Defendant is eligible for a reduction and the Government does not oppose a pro-rata reduction of the Defendant's sentence, pursuant to the amendment to 18 U.S.C. §3582(c)(2)").

Thus, while the Court ***DENIES*** defendant Michael Woodard's reconsideration motion, doc. # 718, it agrees that, because of the Government's position, his appeal could be supposed to have some merit. Accordingly, the Court ***GRANTS*** his IFP motion, doc. # 719.

This  15  day of September, 2008.

/s/ B. Avant Edenfield
_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA